UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                      Case No. 07-11717

v.                                                 Honorable John Corbett O'Meara

CHARLES J. BARR, *et al.*,

      Defendants.
      _____/

**OPINION AND ORDER GRANTING
PLAINTIFF'S MAY 30, 2008 MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on the United States' May 30, 2008 motion for summary judgment. Defendant Carolyn Barr ("Carolyn") filed a response June 13, 2008; and the government filed a reply brief June 20, 2008. Oral argument was heard July 31, 2008. For the reasons set forth below, the court will grant the government's motion.

**BACKGROUND FACTS**

The United States filed this civil action April 18, 2007, seeking the reduction to judgment of unpaid federal taxes assessed against Charles J. Barr ("Charles") and the foreclosure of the federal tax liens which arose from those assessments and attached to his property and rights to property. Having been satisfied in its first claim by the entry of a default judgment against Charles Barr in the amount of $324,438.88, plus interest from March 21, 2008, the United States now seeks judgment as a matter of law on its second claim. As to the foreclosure claim, only defendant Carolyn C. Barr, Charles Barr's wife, opposes the relief sought by the United States–foreclosure of the Barr home in the Palmer Woods District of Detroit ("the Cumberland Property").

**LAW AND ANALYSIS**

A federal tax lien is created by operation of law when a taxpayer refuses or neglects to pay a tax after payment is demanded. 26 U.S.C. § 6321. The lien extends to "all property and rights to property, whether real or personal, belonging to" such person. Id. "A federal tax lien is deemed to arise at the time that the assessment is made, even where the lien has not been recorded, and continues until the amount of liability set forth in the assessment is satisfied." United States v. Carlin, 948 F. Supp. 271, 278 (S.D.N.Y. 1996). Upon authorization of the Secretary of the Treasury, the United States may enforce the federal tax lien against the property of the taxpayer by filing suit in district court and seeking a judicial order to sell that property and distribute the proceeds to the United States and such other claimants as may establish an interest in the property. 26 U.S.C. § 7403.[1]

"The threshold question . . . in all cases where the Federal Government asserts its tax lien, is whether and to what extent the taxpayer had property or rights to property to which the tax lien could attach." Blachy v. Butcher, 221 F.3d 896, 905 (6th Cir. 2000). Federal tax liens arising out of liabilities assessed against an individual taxpayer attach to that taxpayer's interest in property held in tenancy by the entireties, and those liens can be foreclosed even on entireties property. United States v. Craft, 535 U.S. 274, 287 (2002).

Under Michigan law, the 1974 warranty deed conveying the property at issue in this case created an ownership interest best characterized as a tenancy by the entireties. Butler v. Butler, 122

---

[1] Pursuant to 26 U.S.C. § 6323(b), any property taxes owed to the City of Detroit and/or the Wayne County Treasurer have priority over liens of the United States of America arising out of federal tax liabilities assessed against defendant Charles Barr, and the relevant parties have so stipulated.

Mich. App. 361, 366 (1983). Defendant Carolyn Barr does not dispute the Craft rule that the federal tax liens arising out of assessments against Charles Barr attach to his interest in the Cumberland Property. She argues only that this court should assert its equitable discretion and decline to order the sale of the Cumberland Property solely to avoid causing her to relocate. See United States v. Rodgers, 461 U.S. 677, 709-12 (1983).

"Once a court determines that a delinquent taxpayer has an interest in property, and that a lien has attached, § 7403 requires the court to sell the property and distribute the proceeds, even if non-delinquent third parties retain an ownership interest or state law otherwise prohibits partition of the property." Wilson v. Wilson, 2002 WL 31545995 (E.D. Mich. 2002). "A court is afforded, however, a limited amount of equitable discretion in determining whether to force a sale of property where innocent third parties retain an ownership interest." Id.

In Rodgers, the Supreme Court held that foreclosure of federal tax liens that had attached to jointly owned property was appropriate under 26 U.S.C. § 7403, by sale of the entire property and distribution of the proceeds in proportion to the value of the interests of each owner. Rodgers, 461 U.S. at 697. "The use of the power granted by § 7403 is not the act of an ordinary creditor, but a sovereign prerogative, incident to the power to enforce the obligations of the delinquent taxpayer himself, and ultimately grounded in the constitutional mandate to lay and collect taxes." Id. The non-liable co-owner of foreclosed property, whose rights to the property were not encumbered by the federal tax lien, would be adequately compensated for any "taking" by an appropriate share of the net proceeds of the judicial sale of the property. Id. at 697-98.

However, "§ 7403 does not require a district court to authorize a forced sale under absolutely all circumstances . . . some limited room is left in the statute for the exercise of reasoned discretion."

3

Id. at 706. "[T]he exercise of limited equitable discretion can take into account both the Government's interest in prompt and certain collection of delinquent taxes and the possibility that innocent third parties will be *unduly harmed* by that effort." Id. at 709 (emphasis added). The Court emphasized that "the limited discretion accorded [a district court] under § 7403 should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." Id. at 710.

Under Rodgers, the factors that a district court must consider before electing to order a sale include the following: 1) "the extent to which the Government's financial interest would be prejudiced if it were relegated to a forced sale of the partial interest actually liable for the delinquent taxes;" 2) "whether the third party with a non-liable separate interest in the property would, in the normal course of events (leaving aside § 7403 and eminent domain proceedings, of course), have a legally recognized expectation that separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors;" 3) "the likely prejudice to the third party, both in personal dislocation costs and in . . . practical undercompensation;" and 4) "the relative character and value of the non-liable and liable interests held in the property." Id. at 710-11. This is not an exhaustive list of the factors the court may consider, and it should not be used as a mechanical checklist.

As a joint owner of property arguing against foreclosure judgment, Carolyn Barr bears the burden of proof to show that under the Rodgers factors this court should not order the foreclosure and the sale of the Cumberland Property. Rodgers supra, and United States v. Davenport, 106 F.3d 1333, 1338 (7th Cri. 1997).

First, the financial interest of the United States would be substantially prejudiced if sale of the entire property were denied and it were allowed to sell only Charles' interest in the property. Because the United States cannot look to any other assets of Charles to collect, the Cumberland Property is not amenable to partition; and it is unlikely that any purchaser could be found for only Charles' interest.

The government contends that if this court orders foreclosure, the United States would petition the court to appoint a local real estate broker as a receiver, who would list the Cumberland Property for sale on the open market, not through an auction. The government expects that the sales proceeds should approximate the fair market value of the property. After deduction of a five percent sales commission and closing costs, the net proceeds could be as much as $500,000. Charles' interest would entitle him to half of the sale proceeds. Since his assessed tax liabilities exceed the value of his share of the property, the United States would be entitled to his entire share. Thus, the first factor weighs in favor of foreclosure and sale.

The second factor also does not provide support for Carolyn's position. In the normal course of events, she could argue that her interest in the Cumberland Property would not be subject to a forced sale. However, such a legally recognized expectation of a non-liable joint owner can be disturbed when that spouse "has acted with her husband in such a way as to frustrate the government's tax collection efforts." United States v. Bierbrauer, 936 F.2d 373, 376 (8th Cir. 1991). In this case Carolyn participated in the conveyance of four properties that were specifically contemplated to frustrate the United States' tax collection efforts. These were four properties in Saginaw, Michigan, that Charles' mother conveyed to Carolyn and not to Charles following the

5

death of Charles' sister. Thus, Carolyn should not be permitted to engage in a shell game with the Saginaw properties to elude the very laws whose protection she now claims.

The third Rodgers factor does not weigh in favor of Carolyn. Although she argues that she would be prejudiced by having to move out of the Cumberland Property, there is no evidence that she would be *unduly harmed* by having to relocate or that her personal dislocation costs would be greater than in any other foreclosure against a residence to satisfy a tax lien. In Bierbrauer the court explained that if "the inherent indignity and inequity of being removed from one's home" automatically precluded foreclosure, "the government could never foreclose against a jointly owned residence–a result clearly untenable under § 7403." Bierbrauer, supra, at 375-76.

Carolyn Barr is 68 years old, is in good health, and sustains full-time employment. She claims no infirmity that would support a finding that relocation would unduly harm her. The inconvenience of her relocating is no different from the inconvenience associated with any foreclosure sale and is insufficient to support a denial of such a sale in this case. In light of her substantial personal indebtedness and the expenses of maintaining the Cumberland Property, where monthly heating bills in the winter exceed $1000, perhaps cash in hand would be of greater benefit than judicial license to remain in the home.

Furthermore, Carolyn is guaranteed to receive her share of the proceeds of the sale of the Cumberland Property. Properties sold on behalf of the court routinely sell at or near fair market value. If it were to be sold at auction instead, she may be undercompensated for her interest in the property.

Finally, the fourth Rodgers factor, the relative character and value of the non-liable and liable interests held in the property, does not weigh in favor of this court exercising its limited discretion

not to order sale of the entire property in this case. The Rodgers court was concerned with a situation in which the owner with the tax liability held only a small interest in the property and suggested that if the interest of the non-liable owner was worth 99% of the value of the property, there might be no reason to allow the sale of the entire property to proceed. This case, however, involves only two owners, husband and wife, each of whom holds an interest as tenants by the entireties that may be fairly divided between them.

Applying all the factors articulated in Rodgers, the court finds that foreclosure is warranted and that the government is entitled to summary judgment.

## **ORDER**

It is hereby **ORDERED** that the government's May 30, 2008 motion for summary judgment is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Date: September 2, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 2, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager